**TYSON & MENDES LLP**
GRIFFITH H. HAYES
Nevada Bar No. 7374
NICHOLAS F. PSYK
Nevada Bar No. 15983
Email(s):  ghayes@tysonmendes.com
           npsyk@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
*Attorneys for Defendant Walmart, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHARMAINE GOODMAN MURPHY, individually,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Foreign Corporation; and DOES 1 through 20; inclusive,<br><br>Defendants. | Case No. 2:24-cv-01765<br><br>**STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(FIRST REQUEST)** |

IT IS HEREBY STIPULATED AND AGREED, between the parties and their attorneys of record, that **the current discovery deadlines to be extended as indicated on page 3,** pursuant to Local Rule 26-1(b) and 26-3.

## I.
## DISCOVERY COMPLETED TO DATE

1. The parties have conducted the FRCP 26.1 Early Case Conference.

2. Defendant produced its Lists of Witnesses and Documents on December 5, 2024.

3. Plaintiff produced her Lists of Witnesses and Documents on August 20, 2024,

4. Defendant propounded its First Set of Interrogatories (25 Interrogatories), Requests for Production of Documents (32 Requests), and Requests for Admissions (26 Requests) to Plaintiff on December 30, 2024.

5. Plaintiff served her responses to First Set of Interrogatories (25 Interrogatories),

1

Requests for Production of Documents (32 Requests), and Requests for Admissions (26 Requests) to Plaintiff on February 12, 2025.

  6. Plaintiff served her First Set of Request for Production of Documents to Defendant (19 total) and First Set of Interrogatories to Defendant (20 total) on March 12, 2025.

  7. Defendant served its Designation of Initial Experts on March 20, 2025.

  8. Plaintiff served her Designation of Initial Experts on March 20, 2025.

  9. Rule 35 Examination of Plaintiff.

  10. Deposition of Plaintiff.

## II.
## DISCOVERY THAT REMAINS TO BE COMPLETED

  1. Deposition of Defendant Walmart, Inc. 30(b)(6) witness(es).

  2. Rebuttal Expert Disclosure.

  3. Deposition(s) of Plaintiff's treating physicians.

  4. Deposition of other percipient witnesses.

  5. Depositions of experts.

  6. Issuing subpoenas to additional third-parties, including Plaintiff's medical providers (if any).

  7. Additional written discovery (if necessary).

  8. Any remaining discovery the parties deem relevant and necessary as discovery continues.

## III.
## WHY DISCOVERY CANNOT BE COMPLETED WITHIN THE TIME PROVIDED BY THE CURRENT SCHEDULING ORDER

  **A.** **Good Cause**

LR 26-3 governs modifications or extension of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline and must comply fully with LR 26-3. If the stipulation is made less than twenty-one (21) days before

the expiration of a deadline, the parties must show a good cause exist. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The parties agree and submit that the discovery cutoff and rebuttal expert disclosure deadline, cannot and could not have been met despite the exercise of diligence. Good cause exists for the following reasons: Defendant's counsel received notice the day of the current rebuttal expert disclosure deadline, April 21, 2025, that Defendant's medical expert, Dr. Rimoldi, would require additional time to prepare a rebuttal expert report for this case. Given the circumstances, Defendant requested if Plaintiff would be amenable to a brief extension of the remaining case deadlines, including the rebuttal expert disclosure deadline, to accommodate the production of Dr. Rimoldi's report. Due to the availability of counsel for the parties, the extension was not able to be agreed upon until after the deadline for rebuttal expert disclosures had passed. Once the extension had been agreed upon, the parties diligently worked to prepare the instant stipulation requesting a brief two week extension of the remaining case deadlines, as well as the rebuttal expert disclosure deadline, to ensure that all necessary discovery can be completed. Based on the foregoing, both Plaintiff and Defense counsel are requesting that the scheduling order dates including the rebuttal expert disclosure date be extended by 14 days.

**B.     Excusable Neglect**

When a request for relief from case management deadlines is made after the deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); see also Local Rule 26-3. The excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Factors courts may consider when evaluating excusable neglect include (1)

the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and, (4) whether the movant acted in good faith. *Id*. The movant bears the burden of establishing sufficient justification for modification of the case management deadlines. *See Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D 632, 638 (D. Nev. 2021) (citing *Singer v. Las Vegas Athl. Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019)); *see also Branch Banking*, 871 F.3d at 765 (affirming denial of request to modify case management deadlines because the movants had not established good cause or excusable neglect). Magistrate judges have broad discretion to manage the discovery process "in the interests of dispatch and fairness." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Addressing the first factor, the parties are jointly requesting the instant extension. As such, the parties submit that there is no danger of prejudice to either party if the requested extension is granted.

Addressing the second factor, the parties acknowledge the Court has broad discretion to manage the discovery process in the interest of dispatch and fairness. Regarding the requested extension, the parties note that discovery has not yet closed, and a trial date has not yet been set for this matter that would need to be continued. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (noting discovery had only recently closed and there was no evidence trial would have been postponed for an inordinate amount of time when finding excusable neglect for an untimely opposition to a motion for summary judgment). As such, although the parties acknowledge the Court is in the best position to manage its schedule, the parties respectfully submit that the requested extension will not result in significant delay or substantial impact on judicial proceedings.

Addressing the third factor, the parties refer to the Court to the above discussion of good cause for the circumstances resulting in the initial requested extension. In addition, with respect to the delay in the parties' submission of the instant request, the parties submit that the parties experienced a brief delay due to counsel's availability in agreeing to the extension and preparing the instant stipulation. As such, the parties provide the above circumstances as the reason for not

4

filing the instant request prior to the rebuttal expert disclosure deadline. *See Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (reversing denial of Rule 60(b) motion where delay was caused by paralegal miscalculating a filing deadline); *Bateman*, 231 F.3d at 1223 (finding a Rule 60(b) motion should have been granted where delay caused by attorney needing to recover from jet lag and catch up on his mail for two weeks).

Addressing the fourth factor, the parties submit that the parties have acted in good faith in their efforts to resolve the additional time required for preparation of Defendant's rebuttal expert disclosures. Although the parties acknowledge the instant request is submitted after the rebuttal expert disclosure deadline, the parties submit this delay is not due to the bad faith of any party, or any intent to unnecessarily delay these proceedings. *See Bateman*, 231 F.3d at 1225 (finding excusable neglect despite a weak reason for delay due to lack of deviousness or willfulness).

The parties therefore respectfully submit that excusable neglect is present in the instant circumstance that resulted in the instant stipulation being submitted after the deadline for Rebuttal Expert Disclosures. Based on the good cause and excusable neglect outlined above, both Plaintiff and Defense counsel are requesting that the scheduling order dates including the rebuttal expert disclosure date be extended by about 14 days.

## IV.
## PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Motion to Amend/Add Parties | February 18, 2025 | February 18, 2025 |
| Initial Expert Disclosures | March 20, 2020 | March 20, 2025 |
| All Rebuttal Expert Disclosures | April 21, 2025 | **May 6, 2025** |
| Discovery Cut-Off Date | May 19, 2025 | **June 2, 2025** |
| Dispositive Motions | June 18, 2025 | **July 2, 2025** |
| Pretrial Order | July 18, 2025 | **August 1, 2025** |

///

///

///

///

The parties represent this Stipulation is sought in good faith and not interposed for delay or any other improper purpose.

DATED this 25th day of April, 2025.        DATED this 25th day of April, 2025.

**RICHARD HARRIS LAW FIRM**              **TYSON & MENDES LLP**

/s/ Richard D. Young                     /s/ Griffith H. Hayes
RICHARD D. YOUNG                         GRIFFITH H. HAYES
Nevada Bar No. 11331                     Nevada Bar No. 7374
801 South Fourth Street                  NICHOLAS F. PSYK
Las Vegas, Nevada 89101                  Nevada Bar No. 15983
*Attorneys for Plaintiff*                2835 St. Rose Parkway, Suite 140
                                         Henderson, Nevada 89052
                                         *Attorneys for Defendant Walmart, Inc.*

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Date: 4/29/2025