**TYSON & MENDES LLP**
GRIFFITH H. HAYES
Nevada Bar No. 7374
TYRUS COBB
Nevada Bar No. 8031
Email(s): ghayes@tysonmendes.com
            tcobb@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
*Attorneys for Defendant Walmart, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHARMAINE GOODMAN MURPHY, individually,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Foreign Corporation; and DOES 1 through 20; inclusive,<br><br>Defendants. | Case No. 2:24-cv-01765-CDS-MDC<br><br>**MOTION TO EXTEND DEADLINE TO FILE DISPOSITIVE MOTIONS** |

Pursuant to Local Rule 26-1(b) and 26-3. Defendant WALMART, INC., by and through counsel, hereby moves this Court for an Order extending the deadline for filing dispositive motions. This motion is made pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 26-4, and is based upon the following:

## I.
## DISCOVERY COMPLETED TO DATE

1.   The parties have conducted the FRCP 26.1 Early Case Conference.

2.   Defendant produced its Lists of Witnesses and Documents on December 5, 2024.

3.   Plaintiff produced her Lists of Witnesses and Documents on August 20, 2024,

4.   Defendant propounded its First Set of Interrogatories (25 Interrogatories), Requests for Production of Documents (32 Requests), and Requests for Admissions (26 Requests) to Plaintiff on December 30, 2024.

1

5. Plaintiff served her responses to First Set of Interrogatories (25 Interrogatories), Requests for Production of Documents (32 Requests), and Requests for Admissions (26 Requests) to Plaintiff on February 12, 2025.

6. Plaintiff served her First Set of Request for Production of Documents to Defendant (19 total) and First Set of Interrogatories to Defendant (20 total) on March 12, 2025.

7. Defendant served its Designation of Initial Experts on March 20, 2025.

8. Plaintiff served her Designation of Initial Experts on March 20, 2025.

9. Rule 35 Examination of Plaintiff.

10. Deposition of Plaintiff.

11. Defendant served its First Supplement to List of Witnesses and Exhibits on April 25, 2025.

12. Defendant served its responses to Plaintiff's Interrogatories and Requests for Production of Documents on April 28, 2025.

13. Defendant served its Designation of Rebuttal Expert on May 6, 2025.

14. Deposition of Defendant Walmart, Inc.'s 30(b)(6) witness.

15. Deposition of Plaintiff's expert witness Dr. William S. Muir, MD.

16. Defendant served its Second Supplement to List of Witnesses and Exhibits on June 26, 2025.

17. Defendant served its Supplemental Answers to Plaintiff's First Interrogatories on June 26, 2025.

18. Plaintiff served her First Supplement to List of Witnesses and Exhibits on July 14, 2025.

19. Defendant requested that Plaintiff's counsel agree to a stipulation to extend time by two weeks in which to file dispositive motions complete with a draft stipulation emailed on August 14, 2025, by handling attorney Nick Psyk, which was declined by Plaintiff's counsel. By early afternoon of that day, the handling attorney had left the firm without notice to the supervising attorney that Plaintiff did not agree to the stipulation and that the motion had not yet been filed.

20. On August 18, 2025, the supervising attorney on the file discovered the missed

2

deadline and immediately emailed Plaintiff's counsel to see if she would agree to stipulate to allowing Defendant additional time up and until September 5, 2025 to file a dispositive motion subject to court approval. She declined and indicated she would oppose Plaintiff's motion to extend. Defendant's counsel also offered to stipulate to allow Plaintiff three weeks after any unsuccessful mediation to oppose the motion subject to court approval. Plaintiff's counsel maintained her position and would not agree to the extension. Defense counsel acknowledges that Plaintiff did not agree to mediate the case in the email exchange of August 18, 2025.

## II.
## DISCOVERY THAT REMAINS TO BE COMPLETED

The parties are not requesting an extension of the discovery cutoff for this case, which passed on July 17, 2025.

## III.
## GOOD CAUSE AND EXCUSABLE NEGLECT EXIST TO EXTEND THE REMAINING CASE DEADLINES

**A.    Good Cause**

LR 26-4 governs modifications or extension of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline and must comply fully with LR 26-4. If the stipulation is made less than twenty-one (21) days before the expiration of a deadline, the parties must show a good cause exist. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-4. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Good cause exists for the following reasons: Defendant submits that it has acted diligently in completing all necessary discovery for the case. However, given relevant discovery was being

3

completed by the parties up to the discovery cutoff, Defendant submits that additional time is required to permit a review of discovery completed in any potential dispositive motions to be filed by Defendant. Defendant is hopeful that the requested extension will facilitate a determination as to whether the parties can participate in a mediation and or reach a settlement of this case prior to expending further judicial resources and trial litigation expenses. Based on the foregoing, Defense counsel is requesting an extension of twenty-one (25) days to September 5, 2025 to file dispositive motions.

### B.     Excusable Neglect

Excusable neglect in the context of motions to extend time in federal court for filings made after the deadline is evaluated under an equitable standard that considers all relevant circumstances surrounding the omission. Courts generally apply the factors established in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 at 395 (1993), which include: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Thus, the Supreme Court in *Pioneer* emphasized that excusable neglect is an equitable determination, requiring courts to weigh all relevant circumstances. The most critical factor is often the reason for the delay, particularly whether it was within the reasonable control of the movant. *Id*. Courts also consider whether the delay prejudices the opposing party or disrupts judicial proceedings, as well as whether the movant acted in good faith.

As evidenced above, the Supreme Court has made clear that the decision by a court to extend time for filings after the deadline is an equitable standard and therefore the issue of "clean hands" should be examined by this court. Defense counsel reached out to Plaintiff's counsel prior to the expiration of the deadline to request that Plaintiff's counsel stipulate to continue the dispositive motion deadline subject to court approval. Plaintiff's counsel was unwilling to provide this common courtesy to the Defendant, thus evidencing unclean hands on its part. On the Defendant's behalf, counsel had worked in good faith by preparing all of the work necessary to

4

submit a rather pro forma request for a stipulation and order to extend time. When the reasonable request was unexpectedly declined by Plaintiff's counsel, the next step would have been to file a motion with the court but for the handling attorney's abrupt exit from the firm.

Of greater focus here should be prongs one and two of the Pioneer standard regarding danger of prejudice to the nonmoving party and the length of delay and its potential impact on judicial proceedings. The Defense submits that a 25-day extension to the deadline for dispositive motions will cause no appreciable prejudice to the Plaintiff nor will it negatively impact the judicial proceedings. In fact, given a little more time and perhaps some compelling arguments in the forthcoming dispositive motion, there may be opportunity to resolve this case without the need for trial litigation expenses.

## IV.
## PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Motion to Amend/Add Parties | February 18, 2025 | February 18, 2025 |
| Initial Expert Disclosures | March 20, 2025 | March 20, 2025 |
| All Rebuttal Expert Disclosures | May 6, 2025 | May 6, 2025 |
| Discovery Cut-Off Date | July 17, 2025 | July 17, 2025 |
| Dispositive Motions | August 15, 2025 | **September 5, 2025** |
| Pretrial Order | September 15, 2025 | **October 6, 2025** **(If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.)** |

/ / /

/ / /

5

## V.
## CONCLUSION

The Defendant represents that this Order is sought in good faith and not interposed for delay or any other improper purpose. For the above-listed reasons, Defendant Walmart Inc. requests that the court grant a 25-day extension of the deadline for dispositive motions. If the court grants this motion, the new deadline for filing dipositive motions would be September 5, 2025.

Dated this 19th day of August, 205.

**TYSON & MENDES LLP**

*/s/ Griffith Hayes*
GRIFFITH H. HAYES
Nevada Bar No. 7374
TYRUS COBB
Nevada Bar No. 8031
2835 St. Rose Parkway, Suite 140
Henderson, Nevada 89052
*Attorneys for Defendant Walmart, Inc.*

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 9-4-25

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Tyson & Mendes LLP, hereby certifies that on the 19th day of August, 2025 a copy of **MOTION TO EXTEND DEADLINE TO FILE DISPOSITIVE MOTIONS** was served via EM/ECF Filing system:

Betsy C. Jefferis-Aguilar
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Facsimile: (702) 444-4455
*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Abigail Prince*
　　　　　　　　　　　　　　　　　　　　　　　　An employee of Tyson & Mendes LLP